## A. R. ANDREWS v. D. M. KEY ET AL.

### No. 6653.

1. **Practice—Immaterial Evidence in Trial without Jury.**—It is not usual for this court to reverse a judgment on account of the admission of improper testimony when the case has been tried before the judge without a jury. If the testimony be merely immaterial its admission is no ground for reversal. See facts.

2. **Practice—Finding of Facts by Court.**—If any fact established by the evidence be omitted in the findings of the court which in opinion of an appellant is material, he should make a request for additional finding, pointing out in what respect the findings of the judge are defective.

3. **Findings of Fact.**—The findings by the court of immaterial facts are harmless. The question in such case is whether the material facts found are sufficient to sustain the judgment.

4. **Same.**—It is not necessary that the findings should set out the title sustained with the same particularity that is required in special pleading. See findings held to be sufficiently specific.

5. **Conclusions of Law.**—Errors of law in the conclusions of the court are immaterial, provided the proper judgment has been rendered upon the facts.

6. **Parties to Foreclosure Suits.**—It is held that all persons who have a right to redeem land which is subject to a mortgage are proper parties to a suit to foreclose. Lockhart v. Ward, 45 Texas, 227; Webb v. Maxan, 11 Texas, 678.

7. **Case in Judgment—Foreclosure upon a Debt Paid.**—Vendor's lien note was paid. Suit was brought to foreclose without making a junior lien holder a party. Decree of foreclosure and sale followed. In suit for the land against a purchaser under the junior lien, *held:* "We know of no principle that would justify a holding that the defendant is concluded by a judgment enforcing the older lien when he was not a party to the suit." As to him the foreclosure proceedings were a nullity.

APPEAL from Parker. Tried below before Hon. George A. McCall. The opinion states the case.

*Hood, Lanham & Stephens,* for appellant.— 1.   The judgment under which appellant deraigned title foreclosing the prior vendor's lien expressly retained in the face of the deed is conclusive in this suit, not only against the parties thereto but also against appellee Jackson, who as holder of a subsequent lien was not a necessary party thereto, this being a suit about the title and possession only in which said Jackson does not assert any equity of redemption or offer to do equity.   Ufford v. Wells, 52 Texas, 619; Robinson v. Black, 56 Texas, 215; Foster v. Powers, 64 Texas, 247; 2 Jones an Mort., secs. 1425, 1431.

2.   The court erred in the third conclusion of law in holding that defendant Jackson was not bound by the judgment of foreclosure obtained by H. W. Kuteman, because the conveyance from M. Stults and wife to J. R. Plumlee and D. M. Key, of date January 9, 1885, was an executory contract, and Jackson, who claims under W. H. Little, a subsquent purchaser from D. M. Key of the east half of the land, was not a necessary party to that foreclosure suit, the court having found that said Little had sold his interest to Mrs. Sumerall, and that she was in possession when suit was brought, and she being made a party to said suit, said Little was not a necessary party thereto, and said Jackson's only remedy was to intervene, assert his rights in said suit, or redeem the east half of said land from said prior lien.   Ufford v. Wells, 52 Texas, 619; Robinson v. Black, 56 Texas, 215; Foster v. Powers, 64 Texas, 247; Watson v. Glaze, 55 Texas, 563; 2 Jones on Mort., secs. 1425, 1431.

*E. P. Nicholson,* for appellees.—Kuteman's judgment was conclusive of no right or interest whatever that was possessed by Jackson.   Hall v. Harris, 11 Texas, 300.

Jackson's lien was acquired before Kuteman instituted his suit, and Jackson had a right to impeach the effect of said judgment as to him. Hall v. Harris, 11 Texas, 300; Freem. on Judg., secs. 335, 162; Murchison v. White, 54 Texas, 85; Harden v. Blackshear, 60 Texas, 133; Brothers v. Mundell, Id., 240; McCoy v. Crawford, 9 Texas, 353; Mills v. Traylor, 30 Texas, 8.

One who has acquired title to a lien upon land before a suit for foreclosure to which he is not made a party, is not affected by a judgment rendered in such suit.   Hall v. Harris, 11 Texas, 300; Paxton v. Meyer, 67 Texas, 96.

Jackson was a necessary party to Kuteman's suit for foreclosure.   By holding a vendor's lien note he held a lien upon the land.   All persons who may redeem are proper parties to a suit for foreclosure.   Lockhart v. Ward, 45 Texas, 229.

GAINES, Associate Justice.—This suit was brought by appellant against appellees to recover a tract of land consisting of 160 acres.   De-

fendant Jackson disclaimed as to the west half of the tract, but made defense as to the east half and recovered a judgment. Plaintiff obtained a judgment against the other defendants and they have not appealed. The controversy is now solely between the plaintiff and defendant Jackson as to the title to the east half of the tract.

The case was tried by the court without a jury, and the judge's findings of fact sufficiently state the case. They are as follows:.

"1. On the 19th of January, 1885, the defendants J. R. Plumlee and D. M. Key executed and delivered to one Martin Stults their non-negotiable note or obligation for $690, payable in three annual installments of $230 each. This note was given for the purchase money in part of the land described in plaintiff's petition—the balance of the purchase money being paid down. At the same time Stults and wife executed and delivered to Plumlee and Key a deed to the land described in plaintiff's petition, in which they expressly retained the vendor's lien to secure the payment of the said note or obligation.

"2. On the 22d of June, 1885, defendants Key and Plumlee divided said land between them, Key taking the east half and Plumlee the west half. *  *  *

"3. On the 2d of November, 1885, defendant Key and wife deeded to W. H. Little their east half of the land. Little paid them $185 down and agreed to pay M. Stults three notes for amounts as follows: $72.50, due December 25, 1885; $80, due December 25, 1886; and $80, due December 25, 1887. Little also executed and delivered to Key his note for $85, which Key subsequently transferred for value to Jackson. A lien was expressly retained in this deed to secure the payment of all the notes. Little never executed the notes to Stults, but paid the $72.50.

"4. In February, March, and April, 1886, Plumlee paid the balance due on the notes to Stults, he having paid some amounts before that time and Little having paid the $72.50. Plumlee took up the Stults note and held the note until the 25th of December, 1886.

"5. On the 25th of December he sold to one Bullard his claim against Little for $160 and turned over to Bullard the note executed to Stults, with directions to Bullard to get Little to execute to him, Bullard, his two notes as he had agreed to do to Stults in his deed from Key and wife, and Plumlee directed Bullard, upon his obtaining the notes of Little, to return the M. Stults note to him, Plumlee.

"6. Bullard failed to get Little's notes for $160, but took the note of Plumlee and Key executed to M. Stults, upon which there was endorsed only the following payments, $72.50 and $22.30, and traded the same to H. W. Kuteman for $80, and told Kuteman there was owing only $160 on the Stults note.

"7. On the 20th of January, 1887, Kuteman brought suit in the District Court of Parker County on the M. Stults note for the two install-

ments which appeared to be due, * * * less only the credits endorsed, against J. R. Plumlee, D. M. Key, and Lucy B. Sumerall, who had in the meantime bought out Little and was in possession, and by fraudulent promises to defendants induced them not to appear; and on the 11th of February, 1887, obtained a judgment by default for $365.20 and costs against the parties above named, and foreclosed the lien, as stated in the Stults note, on the land described in plaintiff's petition; and under an order of sale under said judgment, on the 3d of May, 1887, at public sale, A. R. Andrews bought the land, paying to Kuteman the amount of the judgment and costs therefor.

"8. On the 24th of December, 1886, Jackson instituted suit in the District Court of Parker County on the $85 note due by Little, which he had bought from Key, against Key, Little, and Mrs. Lucy B. Sumerall, who had bought out Little and was in possession, and sought to foreclose his vendor's lien; and on the 11th of February he obtained a judgment by default against said parties for $86.33 and costs, and foreclosed the lien on the land described in his answer, and on the 3d of May, 1887, bought in the land under said order of sale.

"9. The plaintiff in this suit had notice before he purchased the land of the claim of Jackson, and had notice that the note had been paid off before he paid the purchase money to the sheriff. Jackson had notice of plaintiff Andrews' claim at the time he purchased under his judgment."

. The first two assignments presented in appellant's brief complain of the admission of testimony over his objection. It is not usual for this court to reverse a judgment on account of the admission of improper testimony when the case has been tried before the judge without a jury. If the testimony be merely immaterial its admission is no ground for reversal. The testimony of the witnesses as to the fraudulent promises of Kuteman made to induce the defendants in the first suit not to defend the action did not affect the merits of the present suit. Though it may have been calculated to prejudice a jury against the plaintiff's cause, it is not to be presumed that it had such an effect upon the mind of the judge. This is more especially true when, as in this case, his findings upon all the material issues are amply sustained by the evidence. The testimony of Plumlee and other witnesses was objected to upon the ground that it was irrelevant, and that it was not competent by such evidence to impeach the validity or effect of the judgment through which appellant claims title to the land in controversy in this suit. The testimony was introduced to show that Plumlee paid the balance due upon the note executed by him and Key, intending to discharge the debt and to rely only upon the claim Stults held against Little by virtue of his promise made to Key at the time the latter executed the deed to him. That it was competent for appellee Jackson to prove that the note given to Stults

had been discharged, when Kuteman brought suit upon it, will be shown when we come to discuss the vital question in the case.

The appellant also assigns that the third paragraph of the court's conclusions of fact is erroneous because the same is vague and misleading. We fail to see the application of this objection to the finding. It is a clear and explicit statement of certain facts indisputably proved by the evidence. If there was any fact established by the evidence not found by the court, which in appellant's opinion should have appeared in the conclusions, he should have made a request for additional findings, and should have pointed out specifically in what respect the conclusions of fact filed by the court were deemed deficient.

The fourth and fifth conclusions of fact, which are also complained of by appellant, are well sustained by the evidence. There was a mutilated writing upon the note made to Stults, which contains enough to show that it was an order or a request from Stults to Little to make the payments he had promised to make upon the note to Plumlee. Plumlee testified that in his transaction with Bullard he transferred to the latter only his claim upon Little, and that he delivered Bullard the note for the purpose merely of having it exhibited to Little with a view to induce him to execute notes to Bullard for the two installments of $80 each he had promised to pay on the original note. This warranted the court in finding that the Stults note had been discharged, and that the claim upon Little for $160 only remained.

Certain of the court's conclusions of fact are assigned as error, because, as appellant claims, the facts so found were immaterial. This is no ground for reversing the judgment. If immaterial they are harmless. The question in every such case must be whether or not the material facts found by the court are sufficient to support the judgment.

The seventh conclusion of fact is sufficiently specific. It was not necessary that the court should have set out plaintiff's title with the same particularity that is required in special pleading, as appellant appears by his tenth assignment to contend.

The ninth conclusion of fact is supported by the evidence and is sufficiently specific.

There is no error pointed out by appellant's thirteenth assignment. It seems, as well as others, to be based upon a radical misconception of the manner in which a judge should state his conclusions of fact.

Appellant's remaining assignments of error complain of the court's conclusion of law. We need not consider them in detail, because it is immaterial whether the propositions of law announced by the court as the grounds of its judgment be correct or not, provided a proper judgment has been rendered. The correctness of the judgment depends upon the question whether the rights of appellee Jackson were affected by the decree in the suit brought by Kuteman on the Stults note, and by the sale

to appellant by virtue of that decree.   It is held in this court that all persons who have a right to redeem land which is subject to a mortgage are proper parties to a suit to foreclose.   Lockhart v. Ward, 45 Texas, 227.

In Webb v. Maxan, 11 Texas, 678, it was decided that if a junior encumbrancer at the time of acquiring his lien had agreed to pay off the prior mortgage, he was bound by a judgment foreclosing the prior mortgage and a sale in pursuance of such judgment, though he was not made a party to the suit; but it is intimated in the opinion that if the first mortgagee had had notice of the subsequent encumbrance, the holder of that encumbrance should have been made a party; but should it be law that the holder of a vendor's lien whose debt is unpaid may, without making a junior lien holder a party to his suit, enforce his lien by a sale of the land, and thereby deprive the latter of his right to discharge the prior encumbrance and to perfect his own security, it does not follow that such should be the effect of the decree and sale when, in fact, the first debt was paid before the institution of the suit.   It may be that if the second lien holder knew of the first lien, and if it has not been discharged, he should be held to take notice of the suit to foreclose, and that upon his failure to redeem before sale his right is lost.   But should the first debt be paid, then he would have no reason to expect a suit for its enforcement, and we know of no principle that would justify a holding that he is concluded by a judgment enforcing the lien when he has not been a party to the suit.   That such a ruling is calculated to work a great injustice to the junior encumbrancer it needs no argument to show.

In this case the evidence shows and the court, in effect, found that Plumlee paid the original purchase money note given by him and Key, intending to claim only against Little upon his promise to pay to Stults the two installments of $80 each.   When the claim against Little was transferred to Bullard the note was delivered to Bullard for the purpose only of being exhibited to Little as an evidence of his right to receive the money the latter had promised to pay.   Bullard was to return it to Plumlee.   It was not an obligation in Plumlee's hands, and being nonnegotiable, Kuteman took no higher right by the attempted transfer to him.   It was discharged, and the sale by virtue of the judgment obtained upon it was a nullity as to appellee Jackson.   Jackson, by his purchase at the sheriff's sale under the decree enforcing his lien, acquired all the title conveyed to Little by Key and wife and is entitled to recover the land as between the parties to this suit.   That title may still be subject to the payment of the two installments which Little promised to pay to Stults; but the question is not before us and we give no opinion upon it.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered April 18, 1890.