### WILLIAM F. EVANS v. GEORGE E. MARTIN ET AL.

#### No. 364.

1. **Evidence — Abstract of Title.** — Where a deed is not relied on as a muniment in defendant's chain of title, it is not necessary in order for it to be admissible in evidence in his behalf that it should be included in the abstract of title filed by him in the case.

2. **Same—Copies of Petitions, etc.**—Where the abstract of title included a decree of partition, and orders of sale and confirmation of sale by an administrator, it is not necessary that it should mention the petition for partition, or the order appointing the administrator.

3. **Evidence—Administrator's Sale.**—In order to rely upon an administrator's sale, it is not necessary, in a collateral proceeding, to prove the appointment of the administrator. Following Rindge v. Oliphant, 62 Texas, 682.

4. **Same — Void Decree of Partition.** — A decree of partition void for want of jurisdiction in the court rendering it may nevertheless be looked to, in connection with the subsequent acts and conduct of the parties interested, as indicating that which would be equivalent to a parol partition.

5. **Same— Parol Evidence of Written Instruments.**—Where mortgages, leases, decrees of partition and the like are proved by the proper written evidence, it is not error to permit witnesses to testify of them by parol in connection with such written evidence.

6. **Notice—Recitals in Chain of Title.**—The recital of a mortgage or a partition of the land in a deed thereof under which a party claims, affects such party with notice of those facts.

APPEAL from Clay.    Tried below before Hon. GEORGE E. MILLER.

*L. C. Barrett*, for appellant.—1. In all cases the documentary evidence of title shall at the trial be confined to the matters contained in the abstract of titles, and the abstract shall state the nature of each written instrument intended to be used as evidence, and its date. Rev. Stats., arts. 4796–4799; Bryant v. Buckner, 2 S. W. Rep., 452.

2. The County Court has no jurisdiction to partition land except in regular administration proceedings. Young v. Gray, 60 Texas, 42; Huffman v. Schmidt, 65 Texas, 585; Brown v. Seaman, 65 Texas, 630.

3. A void judgment can not be ratified so as to make it valid. Freem. on Judg., sec. 117; Murcheson v. White, 54 Texas, 78; Allen v. Long, 16 S. W. Rep., 46; Moody v. Moeller, 72 Texas, 635; Land Co. v. Laigle, 59 Texas, 339.

4. The court erred in admitting the verbal testimony of Mary A. Wilson, that she was appointed community administratrix, because the records are the best evidence of the fact. The best evidence of which the case in its nature is susceptible must always be produced. 1 Greenl. on Ev., sec. 50.

5. A prior equitable title will not prevail against a subsequently acquired legal title, unless the purchaser of the legal title had notice of the prior equity. Allday v. Whitaker, 66 Texas, 669; McAlpine v. Burnett, 23 Texas, 651; McAfee v. Wheeler, 1 Posey's U. C., 65; Smith v. Muller, 63 Texas, 72.

6. No person is bound by a judgment or other transaction to which he is neither party nor privy. Pratt v. Jones, 64 Texas, 696; East v. Dugan, 79 Texas, 329.

*Carrigan & Hughes* and *Templeton & Patten*, for appellees.—1. Appellees were only required to file an abstract of their chain of title to the land in controversy, and the abstract filed by them was in full compliance with the law. Rev. Stats., arts. 4796–4799.

2. The Probate Court had jurisdiction over the community estate of W. H. and Mary Boone, and authority to render the decree of partition entered by it; and such jurisdiction having been invoked by J. M. Boone, and the decree having been entered at his instance, and he and those claiming in privity with him having availed themselves of the benefits thereof, they are now estopped from disputing the validity of said decree, and are bound thereby. Rev. Stats., arts. 2164, 2167, 2183, 2132; Pearce v. Jackson, 84 Texas, 515; Mitchell v. Allen, 69 Texas, 70; Glasscock v. Hughes, 55 Texas, 473; George v. Thomas, 16 Texas, 89; Sayles' Civ. Stats., art. 2245, rule 37; Brackenridge v. Howeth, 64 Texas, 190.

3. Whether the judgment of the Probate Court partitioning the lands in question was valid, void, or voidable, the ratification thereof by the parties in interest amounted to and established a verbal partition of said lands which was valid and binding on said parties, and which they are now estopped from denying. See authorities cited above.

4. One who purchases land in this State from an administrator is not required to look beyond the order of sale and the order confirming same. Tom v. Sayres, 64 Texas, 339; Dancy v. Stricklinge, 15 Texas, 557; Mills v. Herndon, 77 Texas, 89.

5. The court did not err in admitting in evidence the verbal testimony complained of in these assignments. The record evidence to the same effect having been previously introduced, the testimony complained of

was admissible for the purpose of showing acquiescence in the partition made by the Probate Court.

6. Appellant had notice of the prior partition of the lands in question between John M. and Mary A. Boone, and he was bound by such partition to the same extent as was said John M. Boone, and the court did not err in holding that appellant was not an innocent purchaser of the land in controversy. Wade on Notice, secs. 313, 324; Webb on Rec. of Title, secs. 131, 182, 224; 2 Pome. Eq. Jur., secs. 626–630, and notes, 68, 69; 2 Dev. on Deeds, secs. 1000–1002, 1005, 1006; 5 Lawson's Rights, Rem. and Prac., sec. 1284.

TARLTON, CHIEF JUSTICE.—July 6, 1891, the appellant, William F. Evans, brought this suit in trespass to try title to recover from George E. Martin and A. F. Fassett four sections of land, numbered 4, 5, 60, and 61, in the name of Houston Tap & Brazoria Railway Company, lying in Clay County. The defendants reconvened, setting up title to themselves in the land, and on this plea the court awarded them an affirmative judgment for the property.

The four sections involved are included within twenty-six sections of land which, in 1882, were owned jointly by two brothers, W. H. Boone and John M. Boone, each owning an undivided one-half interest. From this title as a common source, the appellant and the appellees claim.

December 28, 1882, W. H. Boone died, leaving a widow, Mary A. Boone (who afterwards married —— Wilson), and three minor children. W. H. Boone's interest in the land was community property between himself and his wife, Mary A. Boone, who consequently, on March 22, 1883, qualified as community survivor of the estate of herself and her deceased husband, with authority to control, manage, and dispose of the property.

On September 22, 1883, on application made by J. M. Boone, a partition was decreed by the Probate Court of Clay County, whereby thirteen sections, specifically described, out of the twenty-six sections, were set aside to J. M. Boone, and thirteen sections, similarly described, were set aside to Mary A. Boone, as the surviving wife of W. H. Boone, deceased. The lands thus allotted to her included the four sections involved in this suit. This judgment in partition was recorded on the day of its rendition, in the minutes of the Probate Court, but was not recorded in the deed records until January 9, 1888.

October 12, 1883, J. M. Boone executed a deed of trust to A. R. Shattuck, trustee, for the benefit of W. B. Shattuck, on the thirteen sections which had been set apart to him in partition. This instrument was properly recorded on October 22, 1883, in the mortgage records of Clay County. In describing the land it used the following recital: "All of said thirteen sections, being the same land allotted to said J. M. Boone

by partition proceedings in the Probate Court of Clay County, in J. M. Boone v. Mary A. Boone. The final and confirmatory decree was recorded in said Clay County probate records, pages 382–388, book 1."

This deed conveyed none of the lands set apart in partition to Mary A. Boone. It was made to secure the payment of $20,000, with interest thereon, due five years from date. It empowered the trustee to sell the. lands upon default in the payment of the notes or any part thereof thereby secured; and it provided for the appointment of a substitute trustee, in the event the trustee named should from any cause fail to act.

December 12, 1884, John M. Boone, whose wife was a sister of appellant's wife, executed to appellant a deed, acknowledged and recorded on that day, purporting to convey all of the thirteen sections set apart to the grantor by the partition decree referred to, and an undivided one-half interest in the four sections in controversy, together with a like interest in the remaining nine sections of the thirteen which had been allotted to Mary A. Boone in the partition between her and John M. Boone.

The recited consideration for this instrument was $40,000, of which $5000 was paid in cash and $15,231 in three promissory notes for $5077 each, payable November 1, 1885, November 1, 1886, and June 1, 1887, respectively, and for the further consideration that appellant was to assume and pay off the mortgage for $20,000 in favor of the British and American Mortgage Company, this being the same mortgage already described as having been executed by J. M. Boone to W. B. Shattuck, above described. This deed retained a vendor's lien to secure the deferred payments.

J. M. Boone failed to pay the debt secured by the trust deed above mentioned. J. C. Cail was appointed by W. B. Shattuck substitute trustee, in accordance with the provisions of the trust deed, and on the 18th day of January, 1886, the substitute trustee conveyed the lands described in the deed to W. B. Shattuck, in accordance with the terms thereof. February 1, 1887, W. B. Shattuck conveyed the lands by warranty deed,. duly acknowledged and recorded, to the British and American Mortgage Company, which thus became the owner of the thirteen sections set apart. to John M. Boone in the partition between himself and Mary A. Boone.

Mrs. Mary A. Boone accepted the thirteen sections set apart to her by the Probate Court, and leased them in 1883 to White, Barefoot & Bryant. She also, in October, 1883, paid off certain vendor's liens on a part of the lands allotted to her in the partition, and procured releases to her as the representative of the estate of W. H. Boone. In 1885 she leased these thirteen sections to one J. S. Scott.

John M. Boone took possession of the thirteen sections allotted to him in the partition, which was in all respects satisfactory to him, and mort-

gaged the land in the manner already indicated. When he sold to the appellant, the latter had notice of the fact of partition between John M. Boone and Mrs. Mary A. Boone.

Mrs. Boone having married a second husband (Wilson), John G. James was, on the 8th day of April, 1886, appointed administrator of the estate of W. H. Boone, deceased, and at the August Term of the Probate Court, 1888, having duly obtained an order for the sale of the land in controversy, he sold the four sections to the appellees, which sale was properly reported, and duly confirmed by the Probate Court. Complying with the orders of the court, the administrator, on September 12, 1888, executed a conveyance to the appellees.

May 30, 1891, A. D. Goodenough was by the Probate Court of Clay County appointed guardian of the estates of Thomas H., Hugh, and Dora Boone, the minor heirs and children of W. H. Boone, deceased, and a partition was thereafter made between himself, as guardian, and Mrs. Wilson, whereby the lands previously set aside to Mrs. Boone were divided between them, except the four sections which had been previously sold to appellees.

On September 9, 1891, the appellant, for a recited consideration of $1, conveyed to Mrs. Wilson all the lands set apart to her in the partition between herself and J. M. Boone, except the four sections in controversy. This deed was executed at the instance of A. D. Goodenough, who paid nothing for it, in order to clear the title of his wards to their lands.

It appears that in 1888 a suit was tried in the District Court of Clay County, involving the title to a part of the lands set apart to Mrs. Mary A. Boone by the decree of the Probate Court. In that suit Horace Sayres, represented by L. C. Barrett, as attorney, was the plaintiff, and Mary A. Wilson, Thomas H., Hugh, and Dora Boone, heirs of W. H. Boone, and John G. James, administrator of the estate of W. H. Boone, deceased, were defendants. Two witnesses, over the objection of the appellant, were permitted to testify that the plaintiff in that cause claimed that the partition was invalid, and tried to have it so held, and that the defendants claimed that the partition was valid and tried to uphold it.

*Opinion.*—It was not necessary that the deed from William F. Evans to Mary A. Wilson should have been mentioned in the defendants' abstract of title in order to render it admissible. The defendants did not rely upon it as a muniment in their chain of title. We are not prepared to say that in itself it was irrelevant. Executed as it was, absolutely without consideration, it tended to show that the appellant placed little reliance upon the title to the land in controversy which he had acquired from J. M. Boone, and that he knew in fact that J. M. Boone, at the time of the conveyance executed by him, had parted by partition with all interest in the land.

The trustee's deed executed by J. C. Cail was certainly admissible, though made subsequent to the deed from J. M. Boone to appellant, because the deed thus executed to appellant was subordinate to the deed in trust under which J. C. Cail acted, and thus had reference to its date.

If the evidence of the partition between A. D. Goodenough, guardian, and Mary A. Boone was inadmissible, we think the error in admitting it was clearly not prejudicial to appellant. It was evidently admitted for the purpose of showing acquiescence and ratification by the representatives of W. H. Boone, and of this it was merely cumulative.

The defendants having included in the abstract of title filed by them on the demand of the plaintiff the decree of partition between J. M. Boone and Mary A. Boone, as also the orders of sale and the decree confirming the sale made by John G. James, administrator, it was not necessary that they should also include in their abstract of title mention of the petition of J. M. Boone for partition, and of the appointment of Mary A. Boone as community administratrix, and of the appointment of John G. James administrator. These were but preliminaries to the decrees and orders mentioned in the abstract, and in mentioning these decrees and orders, notice, we think, was substantially given that evidence of these preliminaries might be introduced. Besides, it should not be seriously contended that in order to rely upon an administrator's sale, it is necessary to prove, in a collateral proceeding such as this, the appointment of the administrator. It has been several times held directly to the contrary. Rindge v. Oliphint, 62 Texas, 682, and authorities there cited.

If the Probate Court was without jurisdiction to decree the partition between John M. Boone and Mary A. Boone, this decree can nevertheless be looked to, in connection with the subsequent acts and conduct of the parties interested, as indicating that which would be equivalent to a parol partition. Wardlow v. Miller, 69 Texas, 395.

The appellant is in no condition to complain of the verbal testimony of Mary A. Wilson and John M. Boone, to the effect that there was a partition of the twenty-six sections of land between John M. Boone and Mary A. Boone, and to the effect that Mary A. Wilson was appointed community administratrix, because this verbal testimony was introduced after written evidence of these facts had been introduced, and the testimony was used in connection with this record evidence.

If Mary A. Boone was improperly permitted to testify to the fact of the lease in 1883 of the lands set apart to her, this error must be held to be harmless, as she elsewhere emphatically testified that she acquiesced in the partition. So the verbal testimony by John M. Boone, to the effect that he mortgaged the thirteen sections of land, can not be complained of, in view of the fact that it was introduced with the mortgage itself in evidence. Objections of this character seem quite trivial.

We do not think that it can be seriously contended that the plaintiff,

whose title was derived in subordination to the deed in trust by which his grantor, John M. Boone, claimed the title to the thirteen sections set apart to him in severalty, showed title in himself to an undivided one-half of the thirteen sections set apart to Mary A. Boone as the representative of W. H. Boone. The recital in this deed of trust under which appellant claims, as also the recital in the deed executed by John M. Boone to him, itself affected him with notice of the fact of partition. Wade on Notice, sec. 313.

If the testimony of Barrett and Stine with reference to the suit of Horace Sayres v. John G. James was improperly admitted, this action was not prejudicial to the appellant, since without reference to it there was ample legal evidence to support the judgment rendered. The record contains no conclusions of fact and law by the trial judge, and we consequently presume that he disregarded the incompetent evidence admitted. Andrews v. Key, 77 Texas, 35.

We have thus disposed of all the assignments of error.

Excluding all the evidence of doubtful relevancy in this case, we can arrive at no other conclusion than that the judgment should be affirmed.

*Affirmed.*

Delivered February 21, 1894.