## MITCHELL et al. v. FEDERAL MORTGAGE CO.

### No. 1148.

Court of Civil Appeals of Texas. Waco.

Jan. 14, 1932.

Houtchens & Clark and J. H. Craik, all of Fort Worth, for appellants.

Thompson, Knight, Baker & Harris, Dwight L. Simmons, and Sol Goodell, all of Dallas, for appellee.

### GALLAGHER, C. J.

This appeal is prosecuted from a judgment of the district court awarding appellee a recovery against appellants R. E. Mitchell and Minnie Irene Mitchell for the sum of $4,116.-99, with interest and costs of suit, and against them, Thos. W. Grice, and Ada L. Grice, also appellants herein, and J. E. Dalton, for the foreclosure of a mortgage lien on lot 9 in block 51, Highland Park addition to the city of Fort Worth, Tex. Appellants Thos. W. Grice and Ada L. Grice were on the 14th day of December, 1925, and have been continuously since that time, husband and wife. They, together with several minor children, on said date resided upon the tract of land above described and claimed the same as their homestead. They desired to obtain a loan in the sum of approximately $2,800 and offered to secure the same by a lien upon their said homestead. They consulted certain loan brokers, and were advised by them that the way to procure a loan upon a homestead was to make a conveyance thereof to a third party and take his note, secured by a vendor's lien, for the amount desired. They were further advised that they could then sell the vendor's lien note and afterward have the grantee reconvey to them. They both testified that they thought this procedure would be legal. Appellant Thos. W. Grice approached one Clark and sought to procure from or through him the desired loan. He offered the property hereinbefore described as security for such loan. After the conversation with said Clark, appellants Grice and wife conveyed the property involved to appellant R. E. Mitchell. The deed recited a total consideration of $6,500, and further recited that $3,700 of the same had been paid in cash and the remaining $2,-800 by a vendor's lien note due in thirty days. A vendor's lien was expressly retained to secure said note. Said deed was duly filed for record. Shortly thereafter Grice and wife, as a result of negotiations with said Clark, assigned said note and the lien securing the same to appellee. Mitchell and wife then executed new notes to the Federal Mortgage Company in renewal and extension of the original vendor's lien note executed and delivered by them to Grice and wife, and secured said notes with deeds of trust on said property. Shortly thereafter Mitchell and wife reconveyed the property to said Ada L. Grice for the recited consideration of $10. Default having been made in payments stipulated in the renewal notes, appellee accelerated the maturity of the entire debt and instituted this suit to enforce the collection of the same. Dalton, sued as defendant in the court below, claimed no interest in the property, having merely been a tenant of Grice and wife during their temporary absence from Fort Worth.

The case was tried to a jury. The court, at the close of the testimony, instructed the jury to return a verdict in favor of plaintiff against R. E. Mitchell and wife for the sum of $4,116.-99, being the balance due on said renewal notes, and against them and all the other parties defendant for a foreclosure of the deed of trust lien on said property. Appellants Mit-

chell and wife and Grice and wife present said judgment to this court for review.

## Opinion.

Appellants present an assignment of error in which they complain of the action of the court in excluding, on objection of appellee, the testimony of Dr. Grice concerning his negotiations with Clark at the time he first applied to him for a loan to be secured by a lien on said property. The substance of the testimony so offered and excluded was that Dr. Grice told Clark that he wanted a loan on his home, designating the particular property involved in this case; that Clark told him that he understood such property was his homestead, and that in order to get a loan thereon he would have to deed it to some one, secure the loan, and then have such party deed the property back to him; that that was the method used in making that kind of a loan, and that such course was necessary to get away from the homestead law; that that was the way they were handling such loans; that they made them in that way every day. The grounds of appellee's objection to such testimony was that the same was hearsay, that nothing Clark said would be binding on it, and that such conversation would not support an inference by the jury that Clark was the agent of appellee. The testimony showed without contradiction that the property was in fact the homestead of Grice and his wife and that they resided thereon with their minor children; that the deed to Mitchell was without other consideration than the execution and delivery of said vendor's lien note, and that, as soon as Grice and wife had secured the money on said note, Mitchell and wife reconveyed the property to Mrs. Grice; that the Grices remained in possession thereof during the entire transaction, and that Mitchell never claimed any interest therein. Appellee's manager testified that it furnished Clark blank applications for loans; that he would prepare the application and make a preliminary inspection of the property and submit the same to appellee for final approval; that Clark had made about one hundred and twenty-five loans for appellee in Tarrant county; that Clark took the application and made the preliminary inspection in this case; that the papers were prepared, sent to Clark, and when properly executed returned to appellee; that after receiving the application in this case the witness went to Fort Worth and made a personal examination of the property; that when the loan was approved a check payable to Grice for the amount thereof was delivered to Clark; that appellee paid Clark a commission on all loans made by him, the commission in this particular case being 1 per cent. of the amount thereof. Said witness further testified that appellee had given Clark instructions about making loans on homesteads, that it had explained to him what it considered a homestead, and that he should not make a loan or submit an application where there was an evasion of the homestead law or anything to raise a homestead question. Clark did not testify.

The testimony recited, considered with other facts and circumstances in evidence, was ample to raise an issue of Clark's agency for appellee. L. B. Menefee Lumber Co. v. Davis-Johnson Lumber Co. (Tex. Civ. App.) 13 S.W.(2d) 962, 964, pars. 1 to 3, and authorities there cited. It tended to show that he had authority from appellee to solicit applications for loans, inspect the property offered as security, and submit such applications with his reports thereon to appellee for final action. The testimony offered and excluded would have tended to show that Clark knew from the very inception of the transaction that the property offered as security was the homestead of Grice and wife; that the transfer to Mitchell was simulated and part of a scheme to secure a loan on such homestead. If Clark was appellee's agent to solicit applications, and if he acquired such knowledge under the circumstances recited in the rejected testimony, he acquired it in the course of his employment, and such knowledge would be imputed to appellee, in the absence of a further showing of such collusion between him and Grice as to raise an inference that he would conceal and not communicate the same to appellee. The Centennial Mut. Life Ass'n v. Parham, 80 Tex. 518, 526, 16 S. W. 316; Pickett v. Dallas Trust & Savings Bank (Tex. Com. App.) 24 S.W.(2d) 354, 358; Steele v. Butler (Tex. Civ. App.) 227 S. W. 506, 508, pars. 1 and 2; People's Building, Loan & Savings Ass'n v. Dailey, 17 Tex. Civ. App. 38, 42 S. W. 364, 367. Both Grice and appellee's said manager were interested witnesses, and their credibility and the weight to be given to their testimony were questions for the jury. So far as their testimony supported their respective contentions, it could do no more than raise issues for the determination of the jury. Stone v. City of Wylie (Tex. Com. App.) 34 S.W.(2d) 842, 845, par. 6. Of course if appellee knew or was charged with knowledge of the true character of the transaction in question, it could not claim to have been deceived by the apparent form thereof nor by any recitals by Grice and wife in their assignment of the purported vendor's lien note, and could not therefore claim that they were estopped to contest the validity of the purported lien on their homestead. Shear Co. v. Wilson (Tex. Com. App.) 294 S. W. 843. The court erred in excluding the testimony under consideration, and such error requires a reversal of the judgment of foreclosure.

Appellants do not assail the personal judgment recovered by appellee against R. E. Mitchell and wife. Appellee's petition shows on its face that Mrs. Minnie Irene Mitchell

was a married woman at the time she executed and delivered said note, and that the same was not executed in pursuance of any authority conferred upon her by the statutes nor for a purpose contemplated thereby. Therefore no cause of action against her is shown by such petition. Graham v. Carmany (Tex. Civ. App.) 2 S.W.(2d) 467, 468, pars. 3 and 4. There being nothing to indicate that such defect could be cured on another trial by amendment, appellee's personal judgment against her is here reversed and rendered in her favor. Appellee's personal judgment against R. E. Mitchell is affirmed. The judgment of the trial court foreclosing a lien on the property in controversy to secure appellee's personal judgment against R. E. Mitchell is reversed, and that issue remanded to the court below for another trial.