## TEXAS COTTON GROWERS ASS'N v. McGUFFEY et al.

### No. 2126.

Court of Civil Appeals of Texas. Waco.
July 13, 1939.

Rehearing Denied Oct. 5, 1939.

Hubard T. Bowyer, of Dallas, and Morrow & Calvert, of Hillsboro, for appellant.

Will M. Martin and Sam H. Allred, both of Hillsboro, for appellees.

GEORGE, Justice.

This is a suit to recover compress charges on 800 bales of cotton in the amount of $510.22. The suit was instituted by the Texas Cotton Growers Association, assignee, against Paul McGuffey and Joe C. Keitt, co-partners doing business under the firm name of McGuffey & Keitt at Hubbard, Texas. The case was tried before the court without the intervention of a jury and judgment was rendered that Texas Cotton Growers Association take nothing.

Appellant presents by proper assignments of error the propositions (1) that there is not any competent evidence to support the judgment of the trial court; (2) that the judgment of the trial court is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong; (3) that the testimony of Joe C. Keitt as to his conversations with Paul McGuffey, out of the presence and hearing of Ira B. Taylor, or any representative of appellant, was hearsay and not competent testimony upon which the judgment could be based; and (4) that the testimony of Joe C. Keitt with reference to the telephone conversation between Ira B. Taylor and Paul McGuffey was incompetent because hearsay and conclusion of the witness.

McGuffey & Keitt sold 800 bales of cotton to Texas Cotton Cooperative Association. The 800 bales represented the aggregate of a number of sales made during the early Fall of 1934. Ira B. Taylor is now the agent of Texas Cotton Growers Association and was the buyer for Texas Cotton Cooperative Association in the purchase of the 800 bales. An invoice was made up by Ira B. Taylor on each shipment of cotton—four duplicate originals. One invoice was enclosed in the draft on the Dallas office, one was sent to the Dallas office, one was given to McGuffey & Keitt and another was kept by Taylor for the files of the Houston office. All invoices show these sales to have been made over the telephone, that deductions were made for freight, that final settlement was to be made on port weights, but no mention was made of any compress charges. The letters written by Ira B. Taylor to McGuffey & Keitt on November 16th and 19th, 1935, indicate that no demand was made on McGuffey & Keitt for payment of compress charges prior to those dates. It was the custom of the compress to charge the consignee in the bill of lading with all compress charges. The compress company at Hubbard billed Texas Cotton Cooperative Association at Dallas and it caused American Cotton Cooperative Association at New Orleans to pay the charges. Texas Cotton Cooperative Association made final settlement with McGuffey & Keitt for the cotton in the early part of 1935. Texas Cotton Cooperative Association and American Cotton Cooperative Association transferred the claim for compress charges against McGuffey & Keitt to Texas Cotton Cooperative Association. Mr. Taylor testified that McGuffey & Keitt were to deliver the cotton in Houston in a compressed condition and that they were to pay the freight and compress charges on the cotton; that the purchases and sales of the 800 bales of cotton on the different occasions were made in his office in Houston, Texas, in the presence of his wife; that he made reports to the Dallas office, but did not report the fact to the Dallas office that McGuffey & Keitt were to pay the compress charges until the matter was called to his attention in the Spring of 1935, after such charges had been paid by American Cotton Cooperative Association; that he discussed the payment of the compress charges with McGuffey in the early summer of 1935, but that he did not call the matter to Joe Keitt's attention until November, 1935. Paul McGuffey testified that all the sales of cotton were made over the telephone while he was in Hubbard and Mr. Taylor was in Houston, and that he did not at that time recall the terms

of the sales. Joe Keitt testified that the first sale of cotton and some of the others were made over the telephone; that Paul McGuffey did the talking from Hubbard; that Paul McGuffey's part of the conversation over the telephone at the time of the first sale was heard by him; that he handled the money received from the sales of the cotton; that he on each occasion examined the invoices prepared by the Texas Cotton Cooperative Association; that such invoices showed the sale price of the cotton and the deduction for freight charges, but that it did not show any deductions for compress charges; that the cotton would not have been delivered for the price paid by Texas Cotton Cooperative Association if it had been part of the agreement that McGuffey & Keitt were to pay both the freight and compress charges for the reason that they could have obtained more money for the cotton locally in Hubbard; that no demand was made on him for the compress charges until the late Fall of 1935. Mr. Onstott, manager of the Hubbard compress, testified that the drafts showed the charges for compressing cotton and contained the provision that the consignee of all cotton compressed by them would be held liable for the compress charges; that American Cotton Cooperative Association at New Orleans paid the compress charges in the amount of $510.22 on the McGuffey & Keitt 800 bales of cotton.

■ The burden under the pleadings devolved upon appellant of proving the making of the alleged agreement on the part of McGuffey & Keitt to pay the compress charges as a part of the contracts for the purchase of the 800 bales of cotton. Keesey v. Old, 82 Tex. 22, 17 S.W. 928; Chittim v. Martinez, 94 Tex. 141, 58 S.W. 948, Id.; Tex.Civ.App., 60 S.W. 258; Prince v. Blisard, Tex.Civ.App., 210 S.W. 301; Boaz v. Harris, Tex.Civ.App., 30 S.W.2d 810, pars. 1, 2 and 3; Clark v. Hiles, 67 Tex. 141, 2 S.W. 356; Rooney v. Porch, Tex.Civ.App., 223 S.W. 245; Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593. For the purpose of discharging that burden and establishing the execution of the contracts as alleged, appellant caused its employee, Ira B. Taylor, to take the stand as a witness. This case does not involve the question of deficiency in the proof adduced to establish a cause of action or defense asserted by appellees, but is one where the evidence offered by appellant, in the opinion of the trial judge, was insufficient to satisfy his mind that appellees had agreed to pay the compress charges in question.

■ Taylor is a representative of appellant and made the purchase of the 800 bales of cotton from McGuffey & Keitt for Texas Cotton Cooperative Association. He is therefore an interested witness and his credibility and the weight to be given to his testimony was for the trial judge. Houston E. & W. T. R. Co. v. Runnels, 92 Tex. 305, 47 S.W. 971; Coats v. Elliott, 23 Tex. 606; Cheatham v. Riddle, 12 Tex. 112; Goodrich v. Pandem Oil Corporation, Tex.Com.App., 48 S.W.2d 606, par. 3; Strickler v. Kassner, Tex.Civ.App., 64 S.W.2d 1025, pars. 3 and 4; Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916, par. 4; Farm & Home Savings & Loan Ass'n v. Muhl, Tex.Civ.App., 37 S.W.2d 316, par. 18, writ refused; Mitchell v. Federal Mortgage Company, Tex.Civ.App., 45 S.W.2d 649, par. 2; Dallas Trust & Savings Bank v. Pickett, Tex.Civ.App., 59 S.W.2d 1090, par. 1; Mills v. Mills, Tex. Com.App., 228 S.W. 919, par. 2; Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447, par. 5; Sigmond Rothschild Co. v. Moore, Tex.Com.App., 37 S.W.2d 121; Stone v. City of Wylie, Tex.Com.App., 34 S.W.2d 842, par. 6; Roe v. Davis, Tex. Civ.App., 142 S.W. 950; Morgan v. E. Bement & Sons, 24 Tex.Civ.App. 564, 59 S.W. 907, par. 3; Pridgen v. Walker, 40 Tex. 135, 136; Walker v. Dawley, Tex. Civ.App., 4 S.W.2d 159, par. 4; Thomas v. Saunders, Tex.Civ.App., 150 S.W. 768, par. 2; Schaff v. Ridlehuber, Tex.Civ. App., 261 S.W. 523, pars. 13 and 15; Stephenville N. & S. T. R. Co. v. Shelton, Tex.Com.App., 208 S.W. 915; Gulf C. & S. F. Ry. Co. v. Dunman, Tex.Civ.App., 15 S.W.2d 1053, par. 10; McCormick v. Kampmann, 102 Tex. 215, 115 S.W. 24, par. 3; Caldwell v. McGarvey, Tex.Civ. App., 285 S.W. 859, par. 2; Stefka v. Lawrence, Tex.Civ.App., 288 S.W. 1092, par. 5; Alamo Fire Ins. Co. v. Heidemann Mfg. Co., Tex.Civ.App., 28 S.W. 910, par. 3; Alsbury v. Linville, Tex.Civ.App., 214 S.W. 492, par. 2; Friemel v. Coker, Tex. Civ.App., 218 S.W. 1105, par. 6; Moore v. Follett, Tex.Civ.App., 11 S.W.2d 662, par. 2; Lasater v. Jamison, Tex.Civ.App., 203 S.W. 1151, par. 2; Weitzman v. Lee, Tex.Civ.App., 262 S.W. 859, par. 3.

■ The rule applicable in the instant case was laid down by our Supreme Court

in the case of Houston E. & W. T. R. Co. v. Runnels, 92 Tex. 305, 307, 47 S.W. 971, 972, in the following language: "It is the province of the jury to pass upon the credibility of the witnesses, and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited towards the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable."

The testimony of Mr. Taylor that the contracts for the sale of the cotton were made in Houston in his office is contradicted by the testimony of Keitt and McGuffey, and the invoices prepared by him at the times. If he were mistaken as to where the contracts were made, would not such fact impair the force and value of his other statements, by reflecting on the accuracy and strength of his memory? His failure to report to the Dallas office the fact that McGuffey & Keitt were to pay the compress charges and his failure to deduct such charges at the time of the payment for the cotton, in view of the custom of the compress to look to the consignee for its charges, casts doubt on the accuracy of his remembrance as to who was to pay the compress charges. The fact that no demand was made on McGuffey & Keitt for payment of the charges for an unreasonable length of time also strengthens the doubt, and it is unreasonable to believe that businessmen would sell cotton and deliver it in Houston for a less net price than they could get on their local market. An inspection of his entire testimony reveals that his memory was not clear and accurate as to all of the details of the contracts of sale. The attendant circumstances are not entirely consistent with and do not corroborate his testimony to the effect that McGuffey & Keitt were to pay the compress charges.

■ Under the facts of this case, we are not authorized by the law to disturb the judgment of the trial judge, who, after having seen appellant's witness, heard him testify and observed his manner of testifying, reached the conclusion that he was not convinced that McGuffey & Keitt had obligated themselves to pay the compress charges in question. He was in much better position to judge of the weight and degree of credit to be attached to the witness' testimony than we are by an inspection of the record.

■ It appears to be well settled that a verdict will not be disturbed because a jury may have erred, but that in order to justify this court in setting aside such a verdict, it is not sufficient that it does not appear clearly to be right; it must appear to be clearly wrong. Nations v. Miller, Tex.Civ.App., 212 S.W. 742, par. 1; Stroud v. Springfield, 28 Tex. 649, 650; Choate v. S. A. & A. P. R. Co., 90 Tex. 82, 37 S.W. 319; Farley v. Missouri K. & T. Ry. Co., 34 Tex.Civ.App. 81, 77 S.W. 1040; Harpold v. Moss, 101 Tex. 540, 548, 109 S.W. 928.

■ What Joe Keitt heard Paul McGuffey say to Ira B. Taylor over the telephone in reference to the sales of the cotton was admissible. Houston Compress Co. v. Houston Steel & Foundry Co., Tex.Civ.App., 22 S.W.2d 737, par. 2; Northern Assurance Co. v. Morrison, Tex. Civ.App., 162 S.W. 411, par. 2, writ refused; Olds Motor Works v. Churchill, Tex.Civ.App., 175 S.W. 785, par. 4.

■■ Where a case is tried before the court without a jury, it is presumed that the trial judge disregarded all evidence which was improperly received and that such evidence was harmless unless prejudice to complainant is shown. Douglass v. Duncan, 66 Tex. 122, 18 S.W. 343, par. 1; Melton v. Cobb, 21 Tex. 539; Evans v. Martin, 6 Tex.Civ.App. 331, 25 S. W. 688, par. 7; Andrews v. Key, 77 Tex. 35, 13 S.W. 640, par. 2; New York & Texas Land Co. v. Hyland, 8 Tex.Civ.App. 601, 28 S.W. 206, par. 5. The record before us does not show that the trial judge considered the testimony of Joe Keitt as to what he said to McGuffey out of the presence and hearing of Ira B. Taylor.

The judgment of the trial court is affirmed.