### WILLIS et al. v. PIERCE.　(No. 7126.)

(Court of Civil Appeals of Texas, San Antonio.　March 26, 1924.　Rehearing
Denied April 23, 1924.)

1. **Deeds** ⬿211(1), 211(3)—**Evidence held not to show fraud in procuring conveyance or that grantor not mentally competent.**

In suit by executors to set aside conveyance of deceased to defendant, based on latter's alleged fraud in procuring same, evidence *held* not to show fraud of defendant in procuring land by false representations or that deceased was not mentally competent when executing conveyance.

2. **Witnesses** ⬿175(1) — **Plaintiff executors introducing evidence of conversations between defendant and deceased could not object to similar evidence from defendant.**

In suit by executors to set aside conveyance of deceased to defendant, based on latter's alleged fraud in procuring same, plaintiffs who introduced evidence as to conversations between defendant and deceased could not object to defendant doing the same.

3. **Evidence** ⬿317(18) — **Conversations with deceased out of defendant's presence concerning land sold to latter held properly excluded as hearsay.**

In suit by executors to set aside deceased's conveyance to defendant, based on latter's alleged fraud in procuring same, *held*, that conversations by different persons with deceased

· after land was sold, and not in presence of defendant, were properly excluded as being hearsay.

Error from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Lee Willis and another. as independent executors of the estate of Mrs. Mary Willis, deceased, against J. S. Pierce, in which T. M. Rippy intervened, adopting pleadings of plaintiffs. Judgment for defendant, and plaintiffs bring error. Affirmed.

J. L. Goggans, of Breckenridge, and J. L. Zumwalt, of Dallas, for plaintiffs in error.

W. P. Sebastian, òf Breckenridge, W. A. Shields, of Houston, and T. B. Ridgell, of Breckenridge, for defendant in error.

FLY, C. J. Lee Willis and Merrill Willis, who will be termed plaintiffs herein, as independent executors of the estate of Mrs. Mary Willis, deceased, instituted this suit against defendant to recover the title to and possession of 80 acres in Stephens county, described as the east one-half of the west one-half of section No. 14, block 8, T. P. R. R. Co., or public free school land. The land had been conveyed by said Mary Willis to defendant, and as a means to recover the land it was sought to cancel the deed and destroy the conveyance, on the ground of fraud and misrepresentation in procuring the deed. It was alleged that Mary Willis had instituted a suit for the land, which had been dismissed by the court, during her lifetime, and plaintiffs, among other things, prayed that the suit be reinstated, but if that could not be done then they desired to prosecute the suit as an original action on their part. They prayed for recovery of title and possession of the land or in the alternative for damages in the sum of $5,000. In an amended petition it was shown that one T. M. Rippy had instituted the suit which had been begun under some sort of contract which authorized him to sue for the land, so it was prayed that he be joined with the independent executors in the prosecution of this suit. Rippy also intervened and adopted the pleadings of the plaintiffs. Defendant filed general and special exceptions and general denial. The cause was submitted to a jury on special issues, and, upon the answers thereto, judgment was rendered for defendant.

[1] The jury found that defendant made no misrepresentations as alleged, to induce Mrs. Willis to execute the deed to him, that when she made the deed, on March 28, 1918, to the land, she was in such mental and physical condition that she could properly attend to the sale of the land and execution of the deed; that defendant had no special or peculiar knowledge as to the value of the land on account of oil, gas, or other minerals therein or thereon; that the cash market value of the land per acre on March 28, 1918, including oil and other mineral rights therein, was $12; and that was the reasonable cash market value at the time of the trial. Defendant paid Mrs. Willis $960 for the 80 acres of land, which was at the rate of $12 per acre. The answers of the jury are justified by the facts. It was shown that Lee Willis, the son of Mrs. Willis, had ineffectually tried for some time to obtain a buyer for the land. Mrs. Willis had never 'met defendant until the time he negotiated with her for the land, and he was introduced to her by Lee Willis. The latter knew what had been offered for the land, and, although it was perhaps 30 days after the visit before the deed was delivered to defendant, Lee Willis did not endeavor to stop the sale or to advise his mother in regard to it. No oil had been found closer than 8 or 10 miles from the land, although a well had been sunk close to the land, which proved to be dry. There is no evidence of fraud or misrepresentation upon the part of defendant. Lee Willis had the deed prepared. Mrs. Willis received full market value for the land. There was no attempt at concealment by defendant, but he made his offer for the land, which Mrs. Willis, after considering for 12 hours or more, accepted, with the knowledge of her son, Lee Willis, and without protest on his part. He swore that his mother had confidence in him and that he never betrayed her confidence, and yet he did not attempt to protect her against the alleged fraud and deceit of a 'man who had been introduced by him to his mother. The evidence being ample to sustain the judgment, the first six points, which assail the sufficiency of the evidence. are overruled.

[2] Plaintiffs objected to a certain question asked defendant as to what conversation he had with Mrs. Willis about the land; but the testimony elicited from the witness was not set out in the bill of exceptions, and the assignment based upon the bill of exceptions cannot be considered. Plaintiff had taken the deposition of defendant and used it, in which he was asked about his conversation with Mrs. Willis, and it was after this evidence had been introduced that defendant was permitted to testify as to the conversation, in his own behalf. He swore to details of his trade with Mrs. Willis in his deposition offered by plaintiffs. Runnels v. Belden, 51 Tex. · 48; Marshall v. Campbell (Tex. Civ. App.) 212 S. W. 723. Plaintiffs introduced evidence as to conversations between defendant and Mrs. Willis, and cannot object to defendant doing the same.

[3] The conversations held by different persons with Mrs. Willis, after the land was sold, and not in the presence of defendant, were hearsay of the purest and clearest type, and were properly excluded. Not only did plaintiffs seek to introduce what the deceased stated, but statements made to her by the would-be witnesses, a witness in one in-

stance desiring to testify that he drew out her statements by the assertion that the "sale was a fraudulent one and that I could get it back for her by going into court and suing for it."

There is no merit in this appeal, and the judgment will be affirmed.