## AVERITT et al. v. WARREN et al.

### No. 1878.

Court of Civil Appeals of Texas. Eastland.

Feb. 3, 1939.

Rehearing Denied March 3, 1939.

Cox & Hayden, of Abilene, for appellants.

Smith & Eplen, of Abilene, for appellees.

LESLIE, Chief Justice.

Mrs. Josie Richie Averitt, joined pro forma by her husband, instituted this suit against Booth Warren, Receiver, and her brothers and sisters as the other heirs of her father G. D. Richie, Sr., deceased.

For cause of action she alleged that for about the last six years of her father's life he was old, decrepit and infirm in mind and body; that he owned certain property in Taylor County, including his home and two tracts of farm land. That he was unable to take care of himself, but required the services of someone to look after him, keep house for him, to do his cooking, laundry, mending of clothes, etc.; that he employed the plaintiff for such purpose; that she, in effect, left her own home and moved into the house with her father and looked after him, performing the services agreed upon; that he agreed to pay her a reasonable amount for her services, but that such amount was never agreed upon; that her services were reasonably worth $3 per day. She seeks to establish the amount owed her and have it fixed as a charge against the estate, alleging in that connection that no administration of the same was pending and no necessity for any.

Defendants entered a general denial. The trial was before the court and jury. The case was submitted upon special issues and upon the answers to the same judgment was rendered that she take nothing by the suit. She appeals, assigning errors to the admission of testimony. The verdict of the jury found (1) that said G. D. Richie, Sr., never employed the plaintiff to do the work alleged; (2) that she performed services for him; (3) that the services were valuable, and (4) of a reasonable value of $300.

Assignments of error 2 to 5, inclusive, are in substance and legal effect the same, pertaining to testimony of the same import given by different witnesses. By these assignments it is contended that the evidence complained of in each instance was hearsay, being statements made by the deceased to outside parties out of the presence of the plaintiff on the very question involved in the lawsuit, that is, whether or not the deceased ever employed the plaintiff to perform the services alleged.

It is asserted that the statements testified about were self serving, prejudicial and inadmissible.

On the trial of the case, while defendants' witness, E. G. Sandusky, was testifying, said witness was permitted in response to questions by defendants to testify over the objection of plaintiff that the deceased G. D. Richie, Sr., told him (witness) in the absence of the plaintiff that he (deceased) occupied one side of his residence and the plaintiff occupied the other, and that he (deceased) let the plaintiff do her cooking separately and that he did his, and that he had rather do that in order to avoid any hard feelings with the plaintiff. Plaintiff objected to the introduction of this testimony on the grounds above stated.

While Mrs. G. W. Richie, a defendant and witness for the defense, was on the stand she was likewise permitted to testify over objections to statements made by G. D. Richie, Sr., in the absence of the plaintiff. She testified that said Richie, Sr., told her that the arrangements that he had with the plaintiff were to the effect that he was to have his own rooms in the home and do his own housekeeping and cooking and that she (plaintiff) was to have her side of the house and do her own housekeeping and cooking and that he had no other arrangement with plaintiff except that he was to deposit certain money to her credit in the bank from time to time.

Under like objections and rulings other witnesses for the defendants, namely, F. B. Riney (defendant) and B. B. Reynolds, were permitted to give testimony of like import.

The plaintiff's daughter, and one Mrs. E. E. Aiken, witnesses in behalf of plaintiff, testified to an alleged contract of employment which the deceased in his lifetime stated he had made with the plaintiff. Such statements were in harmony, of course, with the allegations of the petition. Being statements against interest they were admissible in behalf of the plaintiff (17 Tex.Jur. p. 543, sec. 224 and authorities there cited), but the evidence complained of under said assignments of error is hearsay. They were self-serving and inadmissible against the plaintiff. The jury found that no such contract was made. Evidently this inadmissible testimony was prejudicial to the appellant's case.

■ The defendants seem to have offered the testimony upon the same theory that such testimony was tendered in Solomon v. Huey, 1 Posey, Unrep.Cas. 265. That was a suit instituted by appellants (Solomon and others) against appellee as administrator of J. M. Lindley upon a promissory note for $1,000 in favor of appellant Solomon. The point pertinent in the present inquiry was disposed of by the opinion in this language: "The third assignment of error, to the admission of Lindley's declarations of his non-indebtedness in evidence, is, in our opinion, well taken. In the bill of exceptions taken on this account, the judge explains: 'The plaintiffs having been permitted to prove declarations of the intestate made to other persons, and not in the presence of the plaintiffs, the declarations of the intestate made to others, and at other times and places, were admitted by the court by way of rebuttal, being introduced by the defendants.' Manifestly this was error. While the admissions of a party against his interest, made verbally, though always to be received with great caution, are competent testimony, and often of the most satisfactory nature, *it does not follow that his declarations in his own interest, made at other times and places, and not in the presence of his adversary, are competent testimony, for that would be to permit a man to manufacture evidence in his own favor."* Citing Wharton Evidence 1077. (Italics ours.)

In Sparks v. Johnson, Tex.Civ.App., 235 S.W. 975, 977, Tobe Sparks sued Matthew Johnson for damages for an alleged breach of an oral contract to rent a farm to plaintiff. Before the trial Johnson died, but on the trial a witness, Coon, was permitted to testify that Johnson, in the absence of Sparks, told him, among other things, "that he [Johnson] had not rented the place to Tobe Sparks" etc. Exceptions were taken to the admission of this testimony and the court held as follows:

"This testimony was strenuously objected to by counsel for appellant, the objections being that the same was hearsay, and that such declarations, if made by Johnson, were self-serving, etc. The objection was overruled by the trial court, and the quoted testimony admitted before the jury.

"Citation of authority is not needed to sustain the contention that the evidence objected to was but hearsay testimony, and notwithstanding the fact that the defendant, Johnson, was dead, it was not admissible under any rule of evidence that we know of."

In Green v. Hagens, Tex.Civ.App., 51 S. W.2d 771, it was held under analogous circumstances in an action on a partnership note that evidence that the deceased had stated he was not in a partnership was self serving and inadmissible.

The same rule of law as to the rejection of hearsay testimony and self serving declarations is employed in the disposition of Warren et al. v. Humphreys, Tex.Civ. App., 274 S.W. 250. The point raised and the court's conclusion is reflected by this portion of the opinion: "Appellants complain of the trial court's action in excluding testimony of Adeline Warren and Addie Henderson as to what Dave Warren, deceased, told them with reference to his interest and his claim in the property. Said witnesses, if they had been permitted, would have testified, in effect, that Dave Warren, during his lifetime, told them that the land was his separate estate; that he had purchased and paid for same. The trial court did not commit error in excluding this testimony. It was self-serving declarations and hearsay, and clearly inadmissible for any purpose. Statements made by a party against interests are admissible against him, but any statements made by him which are self-serving are not admissible, and the fact that the party is dead does not change the rule. Gilbert v. Odum, 69 Tex. 670, 7 S.W. 510; Sabinal Nat. Bank v. Cunningham (Tex.Civ. App.) 256 S.W. 317; Jamison v. Dooley, 98 Tex. 206, 82 S.W. 780; Snow v. Starr, 75 Tex. 411, 12 S.W. 673; Sparks v. Johnson (Tex.Civ.App.) 235 S.W. 975." See the following additional authorities: Willis et al. v. Pierce, Tex.Civ.App., 260 S.W. 1087; Tompkins v. Hooker, Tex.Civ.App., 200 S.W. 193; Vaughn v. Vaughn, Tex. Civ.App., 287 S.W. 687; Texas Law on Evidence (McCormick & Ray) 451, sec. 262; 16 Texas Digest, Evidence, p. 378, ⚖271(16, 17).

■ Evidently the authorities generally condemn the testimony admitted and its admission should work a reversal of the judgment of the trial court, unless, as contended by the appellees, (1) the testimony was admitted without objection, or (2) like testimony was admitted without objection. We have found it necessary to examine the statement of facts and inspect

the manner in which the testimony was presented on the trial in order to reach a conclusion on these contentions. Certainly if no objection was made to the testimony, its admission should not affect the judgment, and if like testimony was elsewhere admitted on the trial without objection, the same results should follow.

We find that when defendants' witness Sandusky testified, the defendants asked him certain questions calling for the statements made to him by the deceased, G. D. Richie, Sr., in his lifetime and out of the presence of the plaintiff. To this the plaintiff objected on the ground that she was not present when the statements, if any, were made. The defendants' counsel persisted in other questions of a like nature and it being obvious that a line of testimony to that effect was going to be offered and possibly admitted by the court, the attorney for the plaintiff stated in open court, and in substance, that the plaintiff regarded the testimony as hearsay, self serving, prejudicial, etc., and in that connection he stated to the court: "Your honor, we want it understood that if he offers any other evidence similar to this, conversation between a dead man and any witness, in the absence of the plaintiff here in this case, it is inhibited by statute; it is clearly hearsay." To this the court replied, "All right." In the course of the trial at different times the court, in response to mere exceptions to different rulings, stated the plaintiff would be entitled to a full bill. As we interpret the development of the testimony as it was drawn from the various witnesses, it occurs to us that the remainder of the trial proceeded upon the theory that when this character of testimony was offered, regardless of the witness testifying, the plaintiff would be entitled to a bill in the nature of that reflected by each of the assignments above considered. Often such arrangements are made by litigants with the trial court and in the presence of opposing parties and we are inclined to think that the record here is of such nature that the arrangements should be respected. We believe the trial court so intended and acted accordingly. If we be correct in that view the defendants' reply to the above assignments or contentions is not valid.

The sixth assignment challenges the action of the trial court in admitting in evidence on behalf of the defendant a $100 check given by G. D. Richie, deceased, to the plaintiff in November, 1925, for the reason that the check was too remote, and had no connection with the transaction alleged in this case and that there were no pleadings undertaking to recover the amount of the check. We fail to see the materiality of this check and consider it without any bearing upon the contentions of either party. It was given and cashed long before the transaction giving rise to this suit.

The first assignment complains that the trial court erred in permitting the defendants to prove over the objections of the plaintiff that before leaving Bay City, where she formerly resided, plaintiff went to the courthouse to procure a deed to some property situated in Bay City. It appears that this act occurred about a year or more before the alleged agreement or arrangement to take care of her father. The witness, a party to the suit, was permitted to testify that on leaving Bay City plaintiff went by the courthouse to get a deed and stated in that connection that she did not intend to return to her husband or home at Bay City. We presume this testimony was offered as a circumstance tending to refute her case wherein she alleged and undertook to prove that in effect she abandoned her own home and went to reside with her father for the purpose of caring for him in his latter years. It was the contention of the defendants that her allegations to that effect were not true and that she had in fact separated from her husband and had abandoned her home and such was the motive in returning from Bay City to Taylor County. That she was seeking a home for herself only, and was not prompted to return by virtue of the contract to take care of her father. We think such statements would be admissible in contradiction of her theory of the case. We are unable to see that the admission of the deed in evidence proves or disproves any material fact in the case.

For the reasons stated above, the judgment of the trial court is reversed and the cause remanded.