## SOMERVILLE v. SMITH et al.
### No. 14816.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 24, 1947.

John Davenport, of Wichita Falls, for appellant.

Arch Dawson, of Wichita Falls, for appellees.

SPEER, Justice.

This is a suit instituted in the district court of Wichita County by plaintiff Wayne Somerville against Carl Smith and J. T. Sheeler for $149.48 balance of principal unpaid on a note, together with interest thereon at 10 per cent per annum since April 23, 1942, until paid and for 10 per

cent attorneys fees according to the terms of a certain note, and against the two named defendants and another defendant C. C. McGuire for a foreclosure of a chattel mortgage lien on a described refrigerator unit alleged to be of the value of $692.50. It was alleged that the chattel mortgage on the unit was promptly filed for record when executed and that while the lien was in full force and effect, the defendant McGuire had purchased the refrigerator unit from Sheeler.

In so far as this appeal is concerned it is sufficient to say that on May 7, 1940, defendant Smith executed his note to Ed Friedrich Sales Corporation for $554, payable in 24 monthly installments of $23.17 each, except for the last installment which should be for the remainder unpaid.

Defendant Smith got behind with his payments and claims to have traded the refrigerator unit to Sheeler for another kind of unit and Sheeler agreed to assume the balance unpaid against the first unit. Neither Sheeler nor Smith paid the balance on the note and payment was being pressed by the holder of the note and foreclosure on the original unit was being threatened.

Plaintiff alleges that at the request of Smith, he purchased the old note and took a transfer of it from the payee along with an assignment of the chattel mortgage lien on the refrigerator unit. Payment by Smith and Sheeler was refused and plaintiff instituted this suit against Smith, Sheeler and McGuire, the latter having purchased the unit from Sheeler. No money judgment was sought against McGuire but only a foreclosure as against him.

McGuire answered with general denial, a special plea that plaintiff did not purchase the note and lien for himself but as agent for Smith, in effect that plaintiff loaned Smith the money with which to pay the balance on the note. McGuire also filed a conditional cross action against Smith and Sheeler, based on representations made by them when he purchased the unit, seeking recovery against them for the value of the unit in the event plaintiff recovered a foreclosure of his asserted lien on the unit.

Smith answered plaintiff's original action and the cross action by McGuire by general denial. Defendant Sheeler made no answer to either the original or cross action but made default in both.

Trial was to a jury on special issues; but before special issues were submitted plaintiff timely moved for an instructed verdict against all defendants as prayed for. The motion was denied.

By answers to certain special issues the jury found: (1) Plaintiff did not purchase the note and mortgage from the payee of the note, for himself; (2) That when plaintiff paid the owner of the note and mortgage, he did so as agent for defendant Smith. There were other issues submitted and answered but they relate to defendant McGuire's cross action and need no further mention.

The trial court entered judgment on the verdict and what he termed the "undisputed testimony" in favor of plaintiff against Smith and Sheeler for the debt amounting to $232.90, but denied plaintiff a foreclosure of the lien against McGuire, and likewise denied all other relief prayed for by any party not expressly granted, awarding to McGuire his cost as against plaintiff.

Somerville (plaintiff) has appealed, and assigns two points of error. They are (1) Error of the court in refusing to give his requested peremptory instruction, and (2) Error of the court in submitting special issue No. 2 over his timely objection.

The pleadings of McGuire definitely raised the question of agency between plaintiff and defendant Smith in the transaction between them. Agency may be proved by circumstances the same as any other material fact. Agency, as a general rule, is a question of law based upon the facts as to the acts of the parties involved. In this case, there was substantial evidence, which if believed by the jury, would tend to establish agency. Plaintiff denied many of those matters of fact in evidence which would create the relationship of agency between him and Smith, but in this respect the testimony as a whole was highly conflicting.

Because of the conflict in the evidence the trial court did not commit er-

ror in refusing plaintiff's motion for an instructed verdict. It is the settled law in this state that before a court is authorized to instruct a verdict for one of the parties the evidence must be such that there are no grounds for ordinary minds to reach different conclusions from it. 41 Tex.Jur. 939, sects. 169 and 170; Lee v. International & G. N. R. Co., 89 Tex. 583, 36 S.W. 63. When a motion is made for an instructed verdict the trial court will presume to be true the evidence of the opposing party, who is entitled to the most favorable construction of the evidence that it will properly bear and to all reasonable inferences arising therefrom—that is, all contradictory evidence is left out of consideration. Burroughs v. Smith, Tex.Civ.App., 294 S.W. 948, writ refused; Texas Emp. Ins. Ass'n. v. Ferguson, Tex.Civ.App., 196 S. W.2d 677, writ refused, no reversible error.

The holding in Powers v. McKnight, Tex.Civ.App., 73 S.W. 549, cited and relied upon by plaintiff, is not in point here. The controversy in the cited case is rather complicated but a careful reading will distinguish the issues involved from those before us. Point of Error One, complaining because the motion for an instructed verdict was refused, is overruled.

This brings us to a consideration of the second point of error. If we are correct in holding that no instructed verdict should have been returned in this case, it necessarily follows that there was a controverted issue of fact to be determined by the jury. The second point now to be considered does involve a highly controverted issue of fact. Complaint is made of the submission of special issue No. 2, which inquired if plaintiff, in paying the note to the then owner, and having it and the mortgage assigned to him, was acting as the agent of Carl Smith (maker of the note). The answer was "Yes". Before we refer to the testimony on that issue, we note that in response to special isue No. 1, the jury found that plaintiff did not purchase the note for himself. No complaint is made here of the submission of that issue and its answer.

If by the acts under which plaintiff claims to have purchased the note and mortgage, he was acting as agent for Smith, as found by the jury, such acts did not amount to a "purchase" of the obligation. Smith was the maker of and the only person liable on the note, and when he had his agent to remit the amount due and owing, he did not "purchase" his obligation but paid it. Payment of necessity released the lien. The legal effect of such transaction must be held to be that Smith was indebted to plaintiff for repayment of the moneys so advanced for him. Plaintiff's cause of action then was not on the note, but for the amount paid out, which both Smith and Sheeler had agreed to pay. Just in this connection we note that plaintiff in fact procured judgment against Smith and Sheeler for the unpaid principal of the note, interest and attorneys fees provided for therein, but no complaint is before us on this account.

The greater part of the material testimony of plaintiff was to the effect that he was not a money lender but a practicing attorney; that he had known Smith for several years and had attended to business for him of a minor nature; that Smith came to him and told him of his obligation and his delinquent installment payments and wanted plaintiff to help him out; that plaintiff sent him to several agencies from which he might borrow the money or get some one of them to take up his obligation. None of the lending agencies would give Smith the relief he needed, and plaintiff testified: "I told him (Smith) I would take it up for him". On cross examination he was asked if he ever loaned Smith any money, and he said: "* * * I never have loaned him any money before." Again, being asked if Smith came to him as a lawyer, he answered: "About this loan." We would be slow to construe plaintiff's language contrary to his contentions in this case, especially in view of other portions of his testimony, yet in view of the fact that he is an attorney and perhaps weighed his words carefully, a jury might have construed it differently.

The strong inference to be drawn from Smith's testimony, if he did not say it in so many words, is, that he was borrowing the money from plaintiff with which to pay the holder of the note and mortgage. Smith

testified that after plaintiff bought it (perhaps referring to the note) "We went out and looked at the box after he bought it, yes sir, that is, after I borrowed the money from him to buy it." Smith further testified, "Well, I knew him (plaintiff) and needed the money to pay the note off." In response to a question he again said: "Well, he (plaintiff) said he would see if he could help me out, he would try to pay it off, loan me the money until such time as I could pay it back." Being asked just what plaintiff did to help him out, Smith said: "Well, he loaned me the money, is all I know." Counsel for McGuire repeated Smith's answer in the form of a question and Smith said "Yes sir". Following this, paraphrasing questions and answers, Smith testified: That was the understanding between us; I figured on paying the note off with it (the money borrowed); I told him I would pay it back; I left it up to him (plaintiff) to handle the matter; I was not sure about the way he would handle it.

It is provided in 10 C.J.S., Bills and Notes, § 449, page 986(3) in substance, that where the agent of the maker of a note takes up the obligation with funds furnished by the maker, it will generally operate as a payment of the note.

■ Plaintiff insists that the evidence does not support the jury finding of agency, and cites Bertrand v. Mutual Motor Co., Tex.Civ.App., 38 S.W.2d 417, 418, writ refused. In that case a prospective purchaser of an automobile was driving a car belonging to the Motor Company, to determine if he would purchase it. He collided with another car and injured Mrs. Bertrand, who sued the Motor Company upon the theory that the prospective purchaser driving its car was the agent of the Motor Company. It was held that the driver was not the agent as claimed by plaintiff. The rule was laid down by the court that an essential element of agency was lacking in that case, i. e., "one person acting for and in behalf of another". It was also held that agency necessarily involved the right of control by the principal of the acts of the agent. Of course this is very true, yet it cannot be said that the relationship of principal and agent is absent if the purported principal clothes his agent with power and authority to exercise his own judgment in accomplishing a given task assigned by the principal; the principal may delegate to the agent certain discretionary matters as to the means employed to accomplish the task assigned him. This is better illustrated by a principal selecting a foreman over a crew of men to do a piece of work, and while the principal has control over his foreman, yet leaves it to such foreman as to how the details are worked out. In such cases the foreman is nonetheless an agent, and so long as he is within the scope of authority given him, he acts for his principal.

■ There was ample evidence of probative value to require the court to submit the offending issue number two. In such circumstances the jury became the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. The jury's answer indicates conclusively that credit was given to the testimony of Smith. We may not, if so inclined, substitute our own construction of the testimony for that of the jury, unless it should affirmatively appear that the jury's construction was clearly wrong. Texas Cotton Growers Ass'n. v. McGuffey, Tex. Civ.App., 131 S.W.2d 771, writ dismissed. We are not willing to say such condition existed in this case.

For reasons stated the points of error are overruled and the judgment must be affirmed, and it is so ordered.