## INSURANCE CO. OF NORTH AMERICA et al. v. CANGELOSI.

### No. 2828.

Court of Civil Appeals of Texas.
Tenth District. Waco.

Feb. 10, 1949.

Rehearing Denied March 3, 1949.

Chilton Bryan, and S. G. Kolius, both of Houston, and F. A. Woods, of Franklin, for appellants.

Sleeper, Boynton, Darden & Burleson, of Waco, and Grace & Palmos, of Hearne, for appellee.

HALE, Justice.

This is a suit on six policies of insurance. On December 26, 1946, each of the six appellants, acting by S. B. Jones of Hearne as agent, issued its separate policy to appellee insuring him for a period of one year against loss of certain hay resulting from the perils of fire. Each policy so issued described the hay therein covered as being more than 130 tons stacked in tiers within a frame barn located about three miles southwest of Hearne. Each policy was for the amount of $650.00 and each authorized total insurance on the hay thereby covered in the amount of $3900.00. On February 3, 1947, while each policy was in full force, the barn and its contents were destroyed by fire.

The case was tried before a jury. In response to special issues Nos. 2 and 4, respectively, the jury found that 4000 bales of hay belonging to appellee was in the barn at the time of the issuance of the policies sued upon and at the time the hay was destroyed by fire. The jury also found that the hay belonging to appellee at the time of the fire was of the value of $1.00 per bale; that appellee represented

to S. B. Jones at the time he made application for insurance that he had about 4000 bales of alfalfa hay in the barn and that he represented to appellants in his proof of loss that he had approximately 4000 bales in the barn at the time of the fire; but in response to special issues Nos. 7 and 10, respectively, the jury further found that neither of the representations so made by appellee was false. Thereupon, the trial court rendered judgment in favor of appellee against each appellant for the sum of $650.00.

In their joint brief appellants say under each of the four points upon which their appeal is predicated that the judgment should be reversed and the cause remanded for another trial because the findings of the jury in response to special issues Nos. 2, 4, 7 and 10, respectively, are each "so palpably contrary to the great preponderance of the credible evidence as to be clearly wrong and the result of passion and prejudice on the part of the jury".

■ The appellate jurisdiction of the Courts of Civil Appeals of this State extends to questions of fact, as well as of law, properly brought before them for review. Constitution of Texas, Art. 5, Sec. 6, Vernon's Ann.St.; Art. 1820, Vernon's Tex.Civ.Stats.; Brown v. City Service Co., Tex.Com.App., 245 S.W. 656. Hence, it is within the legal prerogative and duty of this court to reverse any judgment on appeal when the record affirmatively discloses that such judgment is based upon findings of fact that are so palpably contrary to the overwhelming weight and preponderance of the credible evidence as to be clearly wrong. Shaw v. Centerfield Oil Co., Tex.Civ.App., 10 S.W.2d 144; Providence Washington Ins. Co. v. Whitley, Tex.Civ.App., 71 S.W.2d 359; Texas Cotton Growers Ass'n v. McGuffey, Tex.Civ. App., 131 S.W.2d 771, er. dis.; Leonard v. Smith, Tex.Civ.App., 148 S.W.2d 259; State v. Dickey, Tex.Civ.App., 158 S.W. 2d 844, er. ref.

However, where any controlling issue of fact has been properly submitted to a jury upon conflicting or uncertain evidence raising such issue, it is primarily within the province of the jury, and not of the trial judge or appellate court, to determine the credibility of the witnesses and the weight to be given to their testimony on the issue so submitted. Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447, Pt. 5; McAllister v. City of Frost, Tex.Civ.App., 131 S.W.2d 975, Pts. 4–5, er. dis. judg. cor.; Somerville v. Smith, Tex.Civ.App., 200 S.W.2d 242, Pts. 9–10. When an issue of fact has been thus raised, submitted and resolved by a jury, the finding thereon ought not to be disturbed upon appeal unless it affirmatively appears from the record as a whole that such finding is against the preponderance of the evidence in the case to that degree which clearly shows that manifest injustice will result if such finding is permitted to stand. Choate v. San Antonio & A. P. R. Co., 90 Tex. 82, 37 S.W. 319; Nations v. Miller, Tex.Civ.App., 212 S.W. 742, Pt. 1, er. dis.; Collins v. Davenport, Tex.Civ.App., 192 S.W.2d 291, Pt. 1; Howard v. Sears, Tex.Civ.App., 196 S.W. 2d 105, Pt. 6, er. ref. n. r. e.; Quinn v. Wilkerson, Tex.Civ.App., 195 S.W.2d 399, Pt. 14.

■ Appellants say the record as a whole in this case shows it was physically impossible, as a matter of mathematical certainty, for appellee to have stored 3900 or 4000 bales of hay in the barn described in the policies sued upon. This contention is based upon the evidence relating to the dimensions of the barn and the average size of a bale of hay. At the trial appellants introduced three witnesses who testified in person. Each testified in substance that he had not seen the barn before the fire but had gone to the scene after the fire and from the debris and physical signs then remaining upon the ground had accurately measured the width and length of the barn as it had evidently existed prior to the fire. Each testified that the barn was 16 feet in width by 30 feet in length. Two of these witnesses also testified that they had each measured the height of the barn, one finding it to be 16 feet and the other 18 feet in height. On the other hand, appellee introduced four witnesses, each of whom testified in effect that he had not actually measured the barn but had observed it many times prior to the fire and was reasonably familiar with its size, each

giving his best estimate thereof, these estimates ranging from 24 to 30 feet in width, from 34 to 60 feet in length, and from 16 to 30 feet in height. The conflicting testimony as to the average size of a bale of hay varied from 14″ x 16″ x 32″ to 16″ x 20″ x 44″.

It thus appears that under the extreme limits of the evidence the content of the barn in question could have ranged anywhere in size from a maximum of 54,000 to a minimum of 7680 cubic feet, while the average size of a bale of hay could have been anywhere from 8.14 to 4.15 cubic feet. Consequently, as a matter of mathematical calculation, it was physically possible for appellee to have stored anywhere from 10,000 to 931 bales in the barn, depending upon the credibility of the witnesses and the weight to be given to their conflicting testimony relative to the dimensions of the barn and of an average size bale of hay. A mean between these extremes would be 4584 bales. Appellee's brother had the use of a part of the barn, the floor space of which was approximately 8 feet by 26 feet.

Appellants argue here, as we assume they did in the trial court, that the testimony of their witnesses as to the size of the barn should be accepted because the same was based upon actual measurements which were accurately made, whereas the testimony of appellee's witnesses was based upon a mere estimate, surmise or guess. On the other hand, appellee argues that the testimony of appellants' witnesses was unworthy of acceptation because he says it was physically impossible for them accurately to measure any of the three dimensions of a frame building after it had been completely destroyed by fire. It does not appear that either of these arguments was entirely persuasive in the court below and under the evidence as a whole we do not think either is altogether convincing as a complete refutation of the other.

In addition to the evidence relative to the dimensions of the barn and of an average size bale of hay, a witness on behalf of appellee testified that by actual tally he stored 4000 bales of hay in the barn during the fall of 1945, the barn being the same size then as it was when later destroyed by fire. S. B. Jones testified that immediately before issuing the policies sued upon he made an inspection of the barn and its contents on behalf of appellants and as a result thereof he found the barn full of hay which he estimated to be 135 tons or more, consisting of 3500 to 4000 bales. We see no impelling or valid reason why an impartial jury should not have believed the testimony of these witnesses. Appellants have not attempted to point out any improper argument or any alleged misconduct during the trial which might have aroused the passion or prejudice of any juror.

In the light of the entire record before us we cannot say that any finding of the jury was so clearly against the greater weight of the credible evidence as manifestly to be wrong or that any finding was the result of passion or prejudice on the part of the jury. Accordingly, all of appellants' points are overruled and the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.