### STEINKE v. SCHMID.

No. 2865.

Court of Civil Appeals of Texas. Waco.

July 7, 1949.

Rehearing Denied Nov. 3, 1949.

**956**

Bartlett & Bartlett, Marlin, C. S. Farmer, Waco, for appellant.

Carter & Carter, Marlin, for appellee.

TIREY, Justice.

Joe Schmid brought this suit against F. A. Steinke in trespass to try title to a tract of land in Falls County. Defendant answered by plea of not guilty. Special Issue No. 1 of the court's charge was: "Do you find from a preponderance of the evidence that defendant, F. A. Steinke, and Ed Schmid, in October of 1946, entered into a verbal contract whereby defendant, F. A. Steinke, was to lease the premises in question for a period of five years beginning on or about January 1, 1947", to which the jury answered "No." Since the jury answered the question "No" under the instructions of the court it was not required to answer any of the remaining issues. The judgment followed the verdict and defendant has appealed.

Appellant's first point is: "Where the uncontradicted testimony showed that appellant leased the premises in question for five years beginning January 1, 1947 and went into possession and paid two year's rent, the court should have enforced such agreement and rendered judgment for appellant." We overrule this contention.

 This point was not raised in appellant's original motion, nor his amended motion for new trial. See Rule 324, Texas Rules of Civil Procedure. "A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived." See Rule 374, T.R.C.P. See also Kendall v. Johnson, Tex.Civ.App., 212 S. W.2d 232, point 1; Glass v. Houston Singing Soc., Tex.Civ.App., 192 S.W.2d 300, point 4. We find that appellant made no motion for instructed verdict, nor did he file any exceptions or objections to the court's charge, nor did he file motion for judgment non obstante veredicto. However, we have examined the testimony and it is without dispute that Ed Schmid died December 24, 1947 and appellee, the brother of deceased, inherited a share in the property and acquired the other shares by deeds from the other heirs. Appellee testified to the effect that he had a conversation with appellant in the early part of 1948, at which time appellant wanted to rent the place in question from him for the year 1949 and offered to pay appellee a cash rent for the place; that appellant did not say anything to him about having the property leased for a period of five years; that later on in the fall of 1948 appellant did claim that he had the place leased for a period of five years under an oral contract with appellee's brother. This testimony alone was sufficient to tender Issue No. 1 to the jury. In 17 Tex.Jur., sec. 410, et seq., pp. 909, 910 and 911, we find this statement: "If, discarding all adverse evidence, and giving credit to all evidence that is favorable to the successful party and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict." Moreover, if there is any evidence of probative value to support a jury verdict, it is the duty of the appellate court to uphold it. See Young v. Fitts, Tex.Civ.App., 183 S.W.2d 186; Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820. It is equally true that when the testimony is conflicting on a question of fact, the appellate court will not disturb the verdict of the jury when there is competent evidence to support the findings; and it is immaterial that the trial judge and the appellate court might have arrived at a different conclusion in passing upon the conflicting evidence. See 3 Tex. Jur. 1096, secs., 768 and 769 and authorities there collated. See also Vol. 4, Texas Digest Appeal and Error, ⟶999(1) and 1001 (2). See also Insurance Co. of North America v. Cangelosi, Tex.Civ.App., 217 S.W.2d 888, points 1-3.

 But appellant contends that since Pete Steiger (who is a brother-in-law of

appellant) testified in effect that he was present and overheard a conversation between appellant and Ed Schmid in the early part of October, 1946, in which conversation Steinke and Ed Schmid were talking about the renting of the land in question, and that he heard Schmid say, "He told Mr. Steinke that he could have the place for five years", and that after said conversation Schmid showed Steinke the place, showed him where the fence lines were, and Steinke agreed to take the place for a period of five years, and since no one stated that such conversation did not take place, that the evidence as to the oral contract between appellant and Ed Schmid is uncontradicted. We do not so understand the record. Since appellee tendered testimony to the effect that appellant tried to rent the place from him in the spring of 1948 for the year 1949, we think a fact issue was tendered for the jury. It is true that Pete Steiger testified to the effect that he was not interested in the litigation and that it meant nothing to him; however, he was a brother-in-law of appellant, and since he was testifying to a conversation that took place between Steinke and Schmid, now deceased, the jury had the right to take into consideration all of the facts and circumstances in evidence in order to determine Steiger's credibility and the weight to be given his testimony. See Cohen v. Cohen, Tex.Civ.App., 171 S.W.2d 908, points 1-3 and cases cited on page 911. "The rule is that, if the evidence is conflicting, the jury must decide the conflict; and if the evidence is not conflicting, but reasonable minds might differ as to its effect, still a fact issue is presented." Le Master v. Ft. Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, 226, points 5-6.

 Appellant in his third point complains that the court erred in permitting the witness Sam Johns to testify to the effect that in 1947 he and Ed Schmid showed the land in question to prospective purchasers and that Schmid stated to each prospective purchaser that he would give possession for the year 1948 but that it was rented for the year 1947. Said complaint was based on the fact that objection was made on the ground that it was hearsay at the time the court admitted it. We have examined the testimony and find that it was cumulative of testimony to the same effect tendered by the witnesses Raymond R. Lockett and Sam Restino, to which no objection was made. In Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103, 1104, our Supreme Court announced this rule: "Whether an appellate court should reverse a judgment because of the admission of improper testimony, when testimony to the same effect is permitted without objection, is another question. This court has repeatedly ruled that a reversal will not be ordered under such circumstances." We think that the above ruling of the Supreme Court is in part the effect of paragraph 2 of Rule 434, T.R.C.P. See also Averitt v. Warren, Tex.Civ.App., 125 S.W.2d 691, point 4. Accordingly, appellant's third point is overruled.

We have considered appellant's 2nd, 4th and 5th points and each is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.