Vann N. WILKERSON, Appellant,

v.

C. D. OTTO et al., The Board of Trustees of Warren Independent School District, and Warren Independent School District, Appellees.

No. 6025.

Court of Civil Appeals of Texas.

Beaumont.

March 15, 1956.

Rehearing Denied April 4, 1956.

Blades, Kennerly & Whitworth, Houston, for appellant.

Gibson, Spence & Gibson, Austin, John Ben Shepperd, Atty. Gen., for appellees.

ANDERSON, Justice.

The appeal is from a judgment of the district court of Tyler County holding valid an election that was held in Warren Independent School District on July 2, 1955.

The following propositions were voted upon favorably at the election:

"Proposition No. 1

"Shall the Board of Trustees of Warren Independent School district have the power to levy and collect annually a tax upon all taxable property in said School District for the maintenance of public free schools therein of and at the rate of not exceeding $1.50 on the $100.00 valuation of taxable property in said School District until the same shall be discontinued as provided by law?

"Proposition No. 2

"Shall the Board of Trustees of Warren Independent School District be authorized to issue the bonds of said School District to the amount of $495,000.00, to become due and payable serially, as follows: $9,000 in 1956, $10,000 in 1957, $38,000 in 1958, $39,-000 in 1959, $40,000 in each of the years 1960 and 1961, $41,000 in 1962, $43,000 in 1963, $44,000 in 1964, $46,000 in 1965, $47,-000 in 1966, $48,000 in 1967, and $50,000 in 1968, and bearing interest at a rate not to exceed three (3%) per cent per annum, for the purpose of the purchase, construction, repair and equipment of public free school buildings within the limits of such district, and the purchase of the necessary sites therefor, and if there shall be annually levied and collected on all the taxable property in said School District for the current year and annually thereafter while said bonds, or any of them, are outstanding, a tax sufficient to pay the current interest on said bonds and to pay the principal thereof as the same becomes due; provided that the maintenance tax and the bond tax together shall never exceed for any one year $1.50 on the $100.00 valuation of said property?"

The contest involves only Proposition No. 2 (the bond proposition), and is based upon the theory, ultimately, that the voters were not afforded an opportunity to vote upon the rate of bond tax to be levied and collected. More specifically, appellant contends that the petition for the election, the election order, and the notices of election, as well as the bond proposition itself, were fatally defective, in that, according to his views, they failed to meet the requirements of the following provision of Article 2785, Vernon's Texas Civil Statutes: "The petition, election order and notice of election shall in all cases state the specific rate of tax to be voted on or that the rate shall not exceed the limit herein specified."

The petition, election order, and notices of election contained the propositions to be voted upon, but did not otherwise mention tax rates.

Appellant does not contend that it was necessary for the petition, order and notices to disclose the proposed tax rates otherwise than by setting out the propositions. He merely contends that the bond proposition itself failed to state adequately the bond tax rate to be voted upon, and that therefore the other instruments likewise failed to do so. He takes the position that the proposition either should have submitted a specific and fixed rate of bond tax, the same to be fifty cents or some lesser fixed sum on the $100 valuation of taxable property, or else should have specifically posed the question of whether an unspecified rate of not exceeding 50 cents on the $100 valuation of taxable property was to be authorized. He concedes, as we understand him, that if, instead of having been, "provided that the maintenance tax and bond tax together shall never exceed for any one year $1.50 on the $100 valuation of said property", the proviso at the end of the proposition had merely been, "provided that said tax shall never exceed for any one year fifty cents on the $100 valuation of said property," or even, "provided that said tax shall never exceed for any one year the maximum rate provided by law", or if it had read, "provided that the maintenance tax and the bond tax together shall never exceed for any one year $1.50 on the $100 valuation of said property, and that the bond tax alone shall never exceed for any one year fifty cents on the $100 valuation of said property", the election would have been in all respects regular and valid.

Appellees take the position that the portion of Article 2785 on which appellant relies applies to maintenance tax authorizations alone and has no application whatever to bond elections or bond propositions. Alternatively or in addition, they contend that, even though the provision of the statute is applicable to bond tax elections and propositions, the bond proposition, the petition for the election, the election order, and the notices of election were nevertheless all legally sufficient.

■ The judgment that was rendered in the trial court clearly expressed that court's opinion as being that the portion of Article 2785 that is under consideration applies only to maintenance tax elections and propositions and is inapplicable to bond elections and bond propositions. Whether this was the court's sole reason for rendering the judgment it did, or whether the court also intended to hold the election valid irrespective of the applicability of such portion of the statute, is not so clear. However, it is immaterial. If the judgment is supportable on either of appellees' theories, it must be affirmed. An affirmance by a reviewing court of a trial court's judgment that has been rendered without the aid of a jury is not dependent on the correctness of the legal reasons assigned by the trial court for the judgment; it is sufficient if the judgment is correct under some applicable principle of law. Andrews v. Key, 77 Tex. 35, 13 S.W. 640; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, 84; State v. Stone, Tex.Civ.App., 271 S.W. 2d 741, 753.

In order to determine whether or not the sentence in question applies to bond elections and bond propositions as well as to maintenance tax elections and maintenance tax propositions it must, of course, be read and construed in context. We therefore set out, in pertinent part, not only the statute in which the sentence appears, Art. 2785, but two others that have direct bearing on the question. The statutes will be quoted from in their chronological order.

"Art. 2784e. Maximum tax rate in school districts

"Taxing Power. The Commissioners Court for the common school districts in its county, and the district school trustees for the independent school districts incorporated for school purposes only, and trustees of rural high school districts and the trustees of all other school districts shall have power to levy and cause to be collected the annual taxes and to issue the bonds herein authorized, subject to the following provisions:

"1. In common school districts, for the further maintenance of public free schools and the erection and equipment of school

buildings therein, a special tax; and in independent districts, rural high school districts and all other school districts for the maintenance of schools therein, an ad valorem tax not to exceed One Dollar and Fifty Cents ($1.50) on the One Hundred ($100.00) Dollar valuation of taxable property of the district.

"2. In common school and independent districts, rural high school districts and all other districts, for the purchase, construction, repair or equipment of public free school buildings within the limits of such districts and the purchase of the necessary sites therefor, a tax not to exceed Fifty (50¢) Cents on the One Hundred ($100.00) Dollars valuation, such tax to be for the payment of the current interest on and provide a sinking fund sufficient to pay the principal of bonds which said districts are empowered to issue for such purposes;

"3. The amount of maintenance tax, together with the amount of bond tax of any district, shall never exceed One Dollar and Fifty Cents ($1.50) on the One Hundred ($100.00) Dollars valuation of taxable property; and if the rate of bond tax, together with the rate of maintenance tax voted in the district shall at any time exceed One Dollar and Fifty Cents ($1.50) on the One Hundred ($100.00) Dollars valuation, such bond tax shall operate to reduce the maintenance tax to the difference between the rate of the bond tax and One Dollar and Fifty Cents ($1.50).

"4. No tax shall be levied, collected, abrogated, diminished or increased, and no bonds shall be issued hereunder until such action has been authorized by a majority of the votes cast at an election held in the district for such purposes, at which none but property taxpaying qualified voters of such district shall be entitled to vote."

"Art. 2785. Elections—Before an election is held to determine the proposition of the levy of such tax or the issuance of such bonds, a petition therefor * * * shall be presented to the County Judge of the county if for a common school district, and to the district trustees if for an independent school district. On presentation of said petition, said officer or officers shall order an election for such purpose, and order the sheriff to post notices thereof in three (3) places in the district for ten (10) days prior thereto, or if for an independent district, the secretary of said board of trustees shall post such notices. The petition, election order and notice of election shall in all cases either state the specific rate of tax to be voted on or that the rate shall not exceed the limit herein specified. All election orders and notices of elections shall state the time and place of holding the election. The ballots for maintenance tax elections in common school districts shall have written or printed thereon the words 'For school tax,' and 'Against school tax'; and for independent districts 'For maintenance tax,' and 'Against maintenance tax'."

"Art. 2786. Bonds—Whenever the proposition to issue bonds is to be voted on in any common or independent school district hereunder, the petition, election order and notice of election must distinctly specify the amount of the bonds, the rate of interest, their maturity dates, and the purpose for which the bonds are to be used. The ballots for such election shall have written or printed thereon the words 'For the issuance of bonds and the levying of the tax in payment thereof,' and 'Against the issuance of bonds and the levying of the tax in payment thereof.' Such bonds shall bear not more than five per cent interest per annum * * *."

■ Standing alone, the portion of Article 2785 with which we are concerned —i. e., the portion reading: "The petition, election order and notice of election shall in all cases either state the specific rate of tax to be voted on or that the rate shall not exceed the limit herein specified."— would seem clearly to be comprehensive enough in its terms to embrace and apply to any election that is essential to the levy and collection of a tax under the law of which the provision is a part. And we think there is no occasion to doubt that an authorization therefor by the qualified

voters is essential to the valid levy and collection of school-district bond taxes.

Bond taxes, when authorized, are levied and collected as such; and, as will have been noted, in subsection 4 thereof, Article 2784e, supra, which confers the authority under which both bond taxes and maintenance taxes are levied and collected, and which deals with the two classes of taxes as something separate and apart from each other, expressly provides: "No tax shall be levied, collected, abrogated, diminished or increased, and no bonds shall be issued hereunder until such action has been authorized by a majority of the votes cast at an election held in the district for such purposes, at which none but property tax-paying qualified voters of such district shall be entitled to vote."

Not only is there no escaping the clear import of the language just quoted, but subsequent articles of the statutes make it doubly clear that the Legislature intended such language to apply to bond taxes as well as to maintenance taxes. For example, as already set out, Article 2786 provides that ballots for voting on bond propositions "shall have written or printed thereon the words 'For the issuance of bonds and *the levying of the tax in payment thereof,*' and 'Against the issuance of bonds and *the levying of the tax in payment thereof.*'" Article 2788 provides, "if said election results in favor of the issuance of bonds and *the levy of the tax in payment thereof,*" the bonds may be issued and that provision shall be made for the levy and collection of an annual tax with which to pay them. And Article 2790, in providing for elections to determine whether maintenance taxes shall be *revoked,* modified or increased, expressly provides that "no change or modification in such maintenance tax shall ever affect *any bond tax authorized* by such district." Yet, aside from subsection 4 of Article 2784e, there is no provision of the pertinent statutes that requires that bond taxes be *authorized* by a school district or that a bond proposition even mention taxes.

The portion of Article 2785 with which we are concerned is not only comprehensive enough in its terms to apply to any election that is essential to the valid levy and collection of district school taxes, but it is the only statutory provision that purports to specify what the petition, order and notices for such an election shall contain with reference to the rate of any such tax. Therefore, since a bond tax must be authorized by the voters, we are of the opinion that such provision of the statute applies to bond taxes and to bond elections and propositions just the same as it does to maintenance tax elections and propositions.

However, the foregoing conclusion does not mean that in this instance the bond proposition, the petition, the election order and the notices of election were fatally defective and that the election was invalid. On the contrary, we think the proposition, petition, order and notices were all legally sufficient and that the election was valid.

Under Articles 2784e and 2785, the voters may, if they choose, fix with certainty either the maintenance tax rate or the bond tax rate, but they are not required to do so. They may, as an alternative, fix, within legal limits, the maximum rate of tax that is to be authorized, and may delegate to the Board of Trustees, in case of an independent school district, or to the Commissioners Court, in case of a common school district, authority to fix, within the limit so set, the rate of annual levy. A proposition that poses the question of whether the Board of Trustees or the Commissioners Court, as the case may be, shall be authorized *to levy annually a sufficient* tax to service and retire a given amount of described bonds sufficiently presents to the voters the question of whether they desire to put into effect for bond purposes the indefinite rate system. In order to comply strictly with the statute the petition, election order and notices should set out the maximum rate of tax that is to be authorized, and this is necessary if the rate

is to be restricted to less than the legal maximum. However, we think that where no maximum is mentioned the law supplies the legal maximum of 50 cents on the $100 valuation of taxable property. In this instance, therefore, an implied provision of the proposition, as well as of the instruments into which the proposition was incorporated, was the proviso that the bond tax alone shall never exceed for any one year 50 cents on the $100 valuation of taxable property. By voting in favor of the issuance of the bonds and the levying of a sufficient tax with which to pay them, a majority of the voters evidenced their willingness to be taxed at whatever rate may be necessary, up to the legal maximum. There was a substantial compliance with the law.

No reversible error appearing, the judgment of the trial court is affirmed.